## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALI SARSAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-00474-JD |
| | ) |
| FRONTIER ELECTRONIC SYSTEMS | ) |
| CORP., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Frontier Electronic Systems Corporation's ("Frontier") Motion to Dismiss ("Motion") [Doc. No. 10], which seeks dismissal of Ali Sarsak's ("Sarsak") First Amended Complaint [Doc. No. 7] for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). Sarsak filed a response opposing the Motion [Doc. No. 14], and Frontier filed a reply [Doc. No. 15]. For the reasons stated below, the Court denies the Motion.

## I.    BACKGROUND

Frontier employed Sarsak as an engineer beginning in March 2020. First Am. Compl. [Doc. No. 7] ¶¶ 5, 6. In November 2020, Frontier emailed employees stating that it would be imposing new safeguards to combat COVID-19 such as mask requirements and temperature checks. *Id.* ¶ 8. Sarsak objected to wearing a mask and having his temperature checked. *Id.* ¶ 9. He told Frontier's President and CEO, Brenda Rolls, that "his religious beliefs prevented him from accepting temperature checks or masking as a condition of entering the workplace." *Id.* Sarsak explained to Rolls that he could not

"participate in activities that [he] believe[d] in [his] heart, God ha[d] forbidden [him] to do." *Id.* ¶ 10.

In later communications with Frontier, Sarsak quoted Revelation 13:16–17, which states:

> It also forced all people, great and small, rich and poor, free and slave, to receive a mark on their right hands or on their foreheads, so that they could not buy or sell unless they had the mark, which is the name of the beast or the number of its name.

*See id.* ¶ 15. Sarsak explained that he "believed the current set of requirements would inexorably lead to more invasive requirements, such as mandatory vaccinations and an 'immunity passport'" and that the Bible warns about "the Mark of the Beast." *Id.* ¶ 10. He told Rolls that he could not participate in "enabling hypochondria for the purpose of bringing about the Mark of the Beast." *Id.*

Sarsak requested an accommodation. *Id.* ¶ 13. He asked Frontier if he could work remotely since other employees did so. *Id.* ¶¶ 13, 14. Frontier never responded to Sarsak's request. *Id.* ¶ 16. Frontier terminated Sarsak because he would "not comply with [Frontier's] coronavirus protocols." *Id.* ¶ 17. After filing a Charge of Discrimination with the United States Equal Employment Opportunity Commission, Sarsak filed this suit. *Id.* ¶ 18.

## II.   <u>LEGAL STANDARD</u>

"Rule 12(b)(6) dismissal 'is appropriate if the complaint alone is legally insufficient to state a claim.'" *Serna v. Denver Police Dep't*, 58 F.4th 1167, 1169 (10th Cir. 2023) (quoting *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081,

1104–05 (10th Cir. 2017)). In considering a motion to dismiss under Rule 12(b)(6), the inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under this standard, the Court will "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Id.* (citation omitted). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.   ANALYSIS

Frontier argues that Sarsak has failed to allege a bona fide religious belief against wearing a mask and getting his temperature checked. Frontier also maintains that Sarsak's pleadings show he has a religious objection to mandatory vaccinations and immunity passports—not temperature checks and masks.

Title VII "has made it unlawful for covered employers 'to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges [of] employment, because of such individual's . . . religion.'" *Groff v. DeJoy*, 600 U.S. 447, 457 (2023) (quoting 42 U.S.C. § 2000e–2(a)(1) (1964 ed.)). To prevail on a Title VII religious discrimination claim, the employee "must show that (1) he or she had a bona fide religious belief that conflicts with an employment requirement; (2) he or she informed his or her employer of this belief; and (3) he or she was fired for failure to comply with the conflicting

employment requirement." *Thomas v. Nat'l Ass'n of Letter Carriers*, 225 F.3d 1149, 1155 (10th Cir. 2000). "The term 'religion' includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate . . . an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." *Tabura v. Kellogg USA*, 880 F.3d 544, 549 (10th Cir. 2018) (quoting 42 U.S.C. § 2000e(j)).

"'The essence of religion is belief in a relation to God involving duties superior to those arising from any human relation.'" *United States v. Seeger*, 380 U.S. 163, 175 (1965) (quoting *United States v. Macintosh*, 283 U.S. 605, 633–34 (1931) (Hughes, C.J., dissenting), *overruled by Girouard v. United States on other grounds*, 328 U.S. 61 (1946)). The validity of religious beliefs "cannot be questioned." *Id.* at 184. But "the threshold question of sincerity . . . must be resolved in every case." *Id.* at 185. This "is, of course, a question of fact . . . ." *Id.*

Sarsak has pled a plausible claim for relief under Title VII. First, Sarsak alleges that, in 2020, Frontier began requiring employees to wear masks and get their temperatures checked. Sarsak avers that he "objected to the new protocols, stating to Rolls that his religious beliefs prevented him from accepting temperature checks or masking as a condition of entering the workplace." Frontier argues that what Sarsak actually had a religious objection to was mandatory vaccinations and immunity passports, and that Frontier was not requiring either of those as conditions of employment. And, had Sarsak's amended complaint only contained allegations related to mandatory

vaccinations and immunity passports, perhaps Frontier would be correct. But here, although Sarsak's amended complaint includes additional information regarding his beliefs about mandatory vaccinations and immunity passports, it also contains statements specifically addressing the conditions Frontier was requiring. Sarsak's pleading makes clear that he objected, on religious grounds, to temperature checks and mask mandates and that he believed God had forbidden him from complying with either of these requirements. At this stage, the Court does not consider the veracity of these claims. Instead, it asks, if taken as true, do these facts state a claim for relief that is plausible on its face? Under this standard, Sarsak has plausibly alleged "a bona fide religious belief that conflicts with an employment requirement." *Thomas*, 225 F.3d at 1155.

Second, Sarsak alleges that he told Frontier's President and CEO, Rolls, about his belief. According to his amended complaint, he told Rolls he could not participate in wearing a mask or having his temperature checked because he believed in his heart that "God ha[d] forbidden" him to do that. At this stage in the proceedings, this is sufficient to show that Sarsak informed his employer of his belief.

Third, Sarsak alleges that Frontier required employees to wear masks and get their temperature taken and that he was terminated "for the stated purpose that [he] would not comply with [Frontier's] coronavirus protocols." This allegation plausibly shows that he "was fired for failure to comply with the conflicting employment requirement."

The Court concludes that Sarsak has adequately alleged enough facts to state a claim for relief that is plausible on its face.

IV.   **CONCLUSION**

For these reasons, the Court DENIES Frontier's Motion to Dismiss [Doc. No. 10].

IT IS SO ORDERED this 17th day of October 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE